# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| EARNEST L. LANGSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 13-0638-CV-W-DW-P |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Earnest L. Langston, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 24, 2013, seeking a declaration that his parole eligibility date was to be set after serving twenty years of his three consecutive life sentences plus a consecutive 224 year sentence. Prior to filing this federal petition, petitioner filed a petition for declaratory judgment in state court. The Circuit Court of Cole County granted the Missouri Board of Probation and Parole's motion for summary judgment finding that an eligibility date of May 2082 was correctly calculated, and the Missouri Court of Appeals affirmed.

The petition raises three grounds for relief: (1) that petitioner's rights under the Fourteenth Amendment were violated when the parole board granted other similarly situated offenders parole hearings who had served less time than petitioner; (2) that petitioner's rights under the Fourteenth Amendment were violated when the parole board calculated petitioner's eligibility date under section 217.690.5, RSMo Cum. Supp. 2011, thereby prolonging petitioner's original sentence; and (3) that petitioner's rights under the Ex Post Facto Clause of Article I of the Constitution were violated when the parole board calculated petitioner's eligibility date under section 217.690.5, RSMo Cum. Supp. 2011.

Respondent contends that the Missouri Court of Appeals provided an independent and adequate state law reason for its denial of petitioner's claims.

## SUMMARY OF THE FACTS

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> In May 1973, in case 72-1381, the Circuit Court of St. Louis City sentenced Langston to fifty years imprisonment for first degree robbery and a concurrent term of life imprisonment for assault with intent to kill with malice. Langston was paroled from these sentences, but he returned as a parole violator in January 1991.
>
> In December 1991, in case 901-1748, the Circuit Court of St. Louis City sentenced Langston for new felonies that he committed while on parole including thirty years for first degree robbery, seventy-five years for armed criminal action, fifteen years for kidnapping, seventy-five years for armed criminal action, seven years for first degree sexual abuse, life imprisonment for armed criminal action, seven years for stealing a motor vehicle, life imprisonment for rape, fifteen years for second degree robbery, and life imprisonment for first degree robbery. All of these sentences, except the first thirty-year sentence for first degree robbery, run consecutively to each other and to the sentences in case 72-1381.
>
> The Parole Board calculated that Langston would be eligible for parole in May 2082 by adding the minimum terms for parole eligibility for each of his consecutive sentences pursuant to section 217.690.5, RSMo Cum. Supp. 2011. Langston filed his petition for declaratory judgment seeking a declaration that he became eligible for parole after serving twenty years. He argued that under section 217.690.5, all of his sentences when aggregated cannot create an aggregate parole eligibility period longer than if he had a single life sentence. Langston also alleged that the Parole Board's calculation turned his sentence into a life sentence without parole for practical purposes and that such sentence violated a liberty interest he has in parole eligibility. He further alleged that the Board's calculation violated the Equal Protection Clause and the Ex Post Facto Clause.
>
> Thereafter, Langston filed a motion for summary judgment asserting that he became eligible for parole after serving fifteen years instead of twenty years as alleged in his petition. The Parole Board filed its own motion for summary judgment arguing that Langston's assertion of parole eligibility after fifteen years or twenty years was contrary to statute and case law and that his constitutional

arguments were without merit. The trial court granted summary
judgment in favor of the Parole Board.

(Doc. No. 9, Ex. 1, pp. 1-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUNDS 1, 2, & 3**

In ground 1, petitioner contends that the parole board granted hearings to other similarly situated offenders who had served less time than petitioner, thereby violating his Equal Protection rights under the Fourteenth Amendment. In ground 2, petitioner contends that the parole board extended petitioner's original sentence by adding a minimum prison term to each consecutive sentence to determine his eligibility date, instead of aggregating each consecutive sentence to establish a twenty year mandatory minimum sentence, thereby violating his Due Process rights under the Fourteenth Amendment. In ground 3, petitioner contends that the parole board's eligibility calculation under section 217.690.5, RSMo Cum. Supp. 2011, violates the Ex Post Facto

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Clause of Article I of the U.S. Constitution.

28 U.S.C. § 2254(d) bars relitigation of any claim adjudicated on the merits in state court. Harrington v. Richter, 131 S. Ct. 770, 777 (2011). Prisoners must break past the formidable § 2254(d) barrier to federal habeas review by showing that the state court's ruling was so unjustified that there was an error beyond any possibility for fairminded disagreement. Id. If the state court was wrong as a matter of law, or unreasonably applied the law, a federal habeas writ may be granted. Williams v. Taylor, 529 U.S. 362, 412 (2000).[2]

On direct appeal, the Missouri Court of Appeals held as follows:

> The primary rule of statutory construction is to determine the intent of the legislature by considering the plain and ordinary meaning of words used in the statute. *Wolfe v. Mo. Dep't of Corr.*, 199 S.W.3d 219, 221 (Mo. App. W.D. 2006)(internal quotes and citation omitted). When ascertaining legislative intent, each word, clause, sentence, and section of a statute should be given meaning, and a court should not interpret a statute so as to render some phrases mere surplusage. *Middleton v. Mo. Dep't of Corrections*, 278 S.W.3d 193, 196 (Mo. banc 2009). Additionally, "the words must be considered in context, and sections of the statutes *in pari materia*, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *State ex rel. Scroggins v. Kellogg*, 335 S.W.3d 38, 42 (Mo. App. W.D. 2011)(internal quotes and citation omitted). The purpose and policy of the entire act must be considered. *Id.* "When the language of a statute is clear and unambiguous, there is no room for construction." *Wolfe*, 199 S.W.3d at 221-22 (internal quotes and citation omitted).
>
> Section 217.690, RSMo Cum. Supp. 2011, is the general parole

---

[2] According to the concurrence of Justice OConnor, joined by four other members of the Court, under the contrary to clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Courts decisions but unreasonably applies that principle to the facts of the prisoners case. Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

statute. Subsection 5 provides a formula for calculating the minimum term for parole eligibility for an offender with consecutive sentences:

> When considering parole for an offender with consecutive sentences, the minimum term for eligibility for parole shall be calculated by adding the minimum terms for parole eligibility for each of the consecutive sentences, except the minimum term for parole eligibility shall not exceed the minimum term for parole eligibility for an ordinary life sentence.

§ 217.690.5.

In his motion for summary judgment, Langston argued that under the last clause of the statute, all of his consecutive sentences are effectively converted to concurrent sentences for the purpose of parole calculation and that parole eligibility is then calculated on his first life sentence, which is calculated as fifty years under section 558.019.4(4), RSMo Cum. Supp. 1989. Thus, according to Langston, he would be eligible for parole after serving a mandatory minimum prison term of forty percent of fifty years or twenty years because of his status as a prior offender under section 558.019.2(1), RSMo Cum. Supp. 1989. Langston's argument, however, was contrary to the plain language of the statute, the entire statutory scheme for parole, and case law.

The plain language of section 217.690.5 requires that the minimum prison term on each consecutive sentence be added together to reach an aggregate minimum prison term prior to parole eligibility with the limitation that no individual minimum prison term added into the total can itself be greater than the minimum prison term for a life sentence. In Wolfe, this court considered the minimum prison time an inmate must serve prior to parole eligibility. The inmate was sentenced to life, calculated as thirty years for purposes of parole eligibility under section 558.019.4(1), RSMo 2000, and a consecutive sentence of ten years for two dangerous felonies. The minimum prison term for dangerous felonies was eighty-five percent of the sentences. § 558.019.3, RSMo 2000. This court added the minimum term of each sentence, 25.5 for the life sentence and 8.5 for the ten year sentence, to determine that the inmate must serve thirty-four years before being eligible for parole. *Wolfe*, 199 S.W.3d at 221-22. *See also Edger v. Mo. Bd. of Probation and Parole*, 307 S.W.3d 718, 720-21 (Mo. App. W.D.

2010)(inmate's parole eligibility date was to be determined based upon sum of minimum terms for each consecutive sentence).

Under Langston's reading of the statute, no inmate with consecutive sentences can have a minimum prison term prior to parole eligibility that is longer than the minimum prison term he would have on a single life sentence. Such interpretation, however, is inconsistent with Wolfe. Furthermore, it is inconsistent with the statutory scheme for parole. For instance, section 558.019.4(1), RSMo Cum. Supp. 2011, provides that for the purposes of parole eligibility, "[a] sentence of life shall be calculated to be thirty years." But section 558.019.4(2) provides that consecutive sentences for offenses committed at or near the same time, which total more than seventy-five years, will be calculated to be seventy-five years for purposes of parole eligibility. If no aggregation of consecutive sentences could have a mandatory minimum prison term prior to parole eligibility that is longer than that for a thirty-year sentence, then subsection 4(2) would be rendered meaningless. A statute will not be interpreted to permit an unreasonable result. *Wolfe*, 199 S.W.3d at 222. The Parole Board correctly applied section 217.690.5 in adding the minimum prison term of each of Langston's consecutive sentences to reach the minimum term he must serve before being eligible for parole. It was, therefore, entitled to judgment as a matter of law on Langston's assertion of parole eligibility after fifteen years or twenty years.

Likewise, the Parole Board was entitled to judgment as a matter of law on Langston's constitutional claims. Langston alleged that the Parole Board's calculation of his parole eligibility violated his right to equal protection of the law. To prevail on an equal protection claim, the claimant must show that he is similarly situated to those with whom he is comparing himself. *Cooper v. Mo. Bd. of Probation and Parole*, 866 S.W.2d 135, 137 (Mo. banc 1993). Langston alleged that two other inmates who were serving consecutive life sentences or consecutive sentences to a life sentence received parole hearings after thirteen years. Additionally, he submitted newspaper articles and a list of offenders containing the crimes committed, the sentences, and the time served before parole to support his claim. Langston did not allege or establish, however, that the other inmates were similarly situated to him in that they were subject to a similar aggregate sentence made up of multiple consecutive sentences with mandatory minimum prison terms as a result of their status as a prior offender. Langston's equal protection claim was properly

denied.

Langston also argued that the Parole Board's calculation of his parole eligibility turned his sentence into a life sentence without parole for practical purposes and that such sentence violated a liberty interest he has in parole eligibility after fifteen or twenty years under section 217.690.5. As discussed above, section 217.690.5 did not grant Langston parole eligibility after fifteen or twenty years. Because his due process claim depended upon his misinterpretation of section 217.690.5, it was properly denied. *See McDermott v. Carnahan*, 934 S.W.2d 285, 289 (Mo. banc 1996)(inmate's claims that parole regulations were unconstitutional were denied because they were based on inmate's false theory that statute granted him parole eligibility).

Finally, Langston alleged that his parole ineligibility arose from a "1994 amendatory change and an amendatory statute." "The ex post facto clause is aimed at laws that are retroactive and that either alter the definition of crimes or increase the punishment for criminal acts already committed." *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 136 (Mo. banc 1995). As with his due process claim, Langston asserted that the Parole Board's calculation turned his parole-eligible life sentence into a non-parole-eligible life sentence. Again, this assertion was based on Langston's misinterpretation of section 217.690.5 and ignored the minimum prison term that must be served as a prior offender. As with his other constitutional claims, the trial court properly denied this claim. *McDermott*, 934 S.W.2d at 289.

The judgment of the trial court is affirmed.

(Doc. No. 9, Ex. 1, pp. 3-7).

The resolution of grounds 1, 2, and 3 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. at 412.

Grounds 1, 2, and 3 are denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

      /s/ Dean Whipple  
DEAN WHIPPLE  
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 15, 2013.